IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kem Denise Frasier, ) | CIVIL ACTION NO. 2:13-2986-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Nancy J. McGinley, Superintendent, ) | |
| Charleston County Schools; and Celeste ) | |
| Spires, Principal, Ladson Elementary, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se. Plaintiff, a former employee of the Charleston County School District, alleges that she was discriminated against and improperly terminated by the Defendants.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on March 20, 2014. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 21, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motion may be granted, thereby ending her case. Plaintiff thereafter filed a response in opposition to Defendants' motion on March 28, 2014.[1]

---

[1]Plaintiff also filed a substantial number of documents (totaling well over 100 pages) as a purported "supplement" to her amended Complaint on February 28, 2014. See Court Docket No. 25. To the extent relevant to the issues raised in Defendants' motion, these documents have been
(continued...)

1



Defendants' motion is now before the Court for disposition.[2]

**<u>Allegations of Plaintiff's Complaint</u>**

Plaintiff alleges in her verified Amended Complaint[3] that she was a teacher at the Ladson Elementary School. The Principal at that school is the Defendant Celeste Spires, while the other named Defendant (Nancy McGinley) is the Superintendent of the Charleston County Schools. Plaintiff alleges in the "statement of claim" portion of her Amended Complaint (which appears to be missing a page) that the Defendant Spires improperly evaluated her work performance (identified as a "SAFE-T Evaluation"), and that she as well as two younger teachers were not given passing grades on this evaluation. Plaintiff alleges that she was discriminated against because of her age (57 years old) and race (African-American) because of the way this evaluation was handled.[4] Plaintiff also alleges that Spires would describe herself as a "redneck", which Plaintiff considered to be

---

[1](...continued)
reviewed by the Court.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e)(g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro se</u> litigants are to be considered as affidavits. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).

[4]While the disparate treatment alleged is not clear from the "statement of claims" section of the <u>pro se</u> Complaint, Plaintiff's administrative charge of discrimination filed with the South Carolina Human Affairs Commission (SCHAC) [attached to Plaintiff's Complaint as an exhibit] states that after she failed the Safe-T Evaluation by one point, she was then required to turn in lesson plans weekly, video tape her lesson and sit in on another teacher's lesson, and that Spires was constantly critical of her work. Plaintiff further states that the two younger teachers who "also went through the Safe-T Evaluation . . . were not required to turn in lesson plans or videotape lessons and were not subject to such treatment". <u>See</u> Plaintiff's Exhibit (Court Docket No. 18-1, p. 4).



inappropriate and racist.

Plaintiff alleges that after improperly handling her evaluation due to race and age discrimination, Spires then recommended that her teaching contract not be renewed, following which she filed a grievance with the Charleston County School Board. However, Plaintiff alleges that after she filed her grievance, she was told by a "Mr. Suggs" that she would lose her appeal, and that it would look bad on her record because it would mean that she was fired. Plaintiff alleges that she then "felt like I had no other choice but to resign on or about May 9, 2013 . . . .". Plaintiff alleges that she was thereafter denied a new hire on or about June 24, 2013, following which she was denied a hearing in front of Dr. McGinley and the School Board. Plaintiff alleges that she was denied her hearing "because of the misinformation by Mr. Suggs as to my right to a hear[ing] as an annual teach".

Plaintiff alleges that there were other teachers who were older who also received harassment from Spires, and that she has received a letter from "Dr. McGinley and/or Charleston County Schools" that states she is not eligible for employment at any Charleston County school. Plaintiff seeks monetary damages. See generally, Plaintiff's Amended Complaint, with attached exhibits [EEO Documentation].

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

3



Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

### (Individual Liability Under Title VII and/or ADEA)

Liberally construed, and based on Plaintiff's attached EEO documentation to her Complaint, Plaintiff is asserting her claims for race discrimination and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (race claim); and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 630(b) (age claim). Defendants initially argue that, to the extent Plaintiff is asserting her claims under either of these two statutes, that there is no individual liability under these statutes, and that Plaintiff has therefore sued the wrong Defendants. The undersigned agrees.

The Fourth Circuit Court of Appeals has clearly held that employees of a Defendant employer are not liable in their individual capacities for claims asserted under either Title VII or the ADEA. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 178-181 (4th Cir. 1988); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.'"]; see also Jones v. Tyson Foods, Inc., 378



F.Supp.2d 705, 708 (E.D.Va. 2004); Hooker v. Wentz, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) [supervisors not liable in their individual capacities for Title VII violations]; Dalton v. Jefferson Smurfit Corp., 979 Fed.Supp. 1187, 1201-1203 (S.D.Ohio 1997); Jones v. Sternheimer, 387 Fed.Appx. 366 (4th Cir. 2010) [No individual liability under Title VII or the ADEA]; McNeal v. Montgomery County, Md, 307 Fed.Appx. 766, 775, n. 6 (4th Cir. 2009) ["[O]nly an employer, and not an individual employee, may be held liable under the ADEA"]. In her response in opposition to the Defendants' motion, Plaintiff does not set forth any rationale for being allowed to sue these two Defendants individually under these statutes, and indeed does not even address this argument. Therefore, McGinley and Spires are entitled to dismissal as party Defendants from Plaintiff's claims asserted under Title VII or the ADEA. See Bellamy v. Dowling, 07-2727, 2009 WL 2151199, at * 10 (D.S.C. Jul. 13, 2009)[Finding that there is no individual liability in cases brought pursuant to Title VII], aff'd. 2009 WL 3863432 (4th Cir. Nov. 19, 2009); Fantini v. Salem State College, 557 F.3d 22, 30-31 (1st Cir. 2009); Cintron-Alonso v. GSA Carribean Corp., 602 F.Supp.2d 319, 323-324 (D. Puerto Rico 2009)[No individual liability for agents or supervisors under Title VII]; Bailey v. Faurecia, et al., No. 09-2013, 2010 WL 5600910, at * 2 (D.S.C. Dec. 1, 2010)["Employees and supervisors are not liable in their individual capacities for violations of Title VII"], adopted, 2011 WL 165829 (D.S.C. Jan. 19, 2011); Jones, 387 Fed.Appx. 366 [No individual liability under Title VII or the ADEA]; McNeal, 307 Fed.Appx. at 775, n. 6 [No individual liability under the ADEA].

However, although McGinley and Spires are entitled to dismissal as party Defendants under Title VII and the ADEA, in light of Plaintiff's pro se status, rather than dismiss these claims in toto, Plaintiff should be given an opportunity to amend her Complaint to add the Charleston

5



County School District as a party Defendant for purposes of these claims.[5]

## II.

### (Race Discrimination Claim)

Defendants also assert that Plaintiff's race discrimination claim is subject to dismissal because she did not exhaust her administrative remedies with respect to any such claim prior to filing this lawsuit. In order to bring a lawsuit in United States District Court under Title VII (the statute under which Plaintiff's race claim would be brought), a plaintiff is first required to properly exhaust his or her administrative remedies. Specifically, a claimant is required to file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

Since South Carolina is a deferral state, the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of Defendant's motion, and Plaintiff filed a charge of discrimination with SCHAC on August 20, 2013. See Plaintiff's Exhibit (Court Docket No. 18-1, p. 4).[6] Defendants argue in their motion that the filing of this administrative

---

[5]Indeed, it does not appear that the Defendants object to substitution of the proper party Defendant in this case for these claims. See Defendants' Brief, at p. 4, n. 1.

[6]The Court may consider this exhibit in ruling on Defendant's motion to dismiss. See Williams v. 1199 Seiu United Healthcare Workers East, No. 12-72, 2012 WL 2923164 at * 1 n. 1 (D.Md. July 17, 2012)["In the employment context, a court may consider an EEOC charge and other EEOC documentation [when considering a motion to dismiss] because such documents are integral (continued...)

6



charge by the Plaintiff did not exhaust her administrative remedies with respect to any Title VII race claim, however, because Plaintiff failed to assert any such claim in her administrative charge. Smith v. First Union Nat'l. Bank, 202 F.3d 234, 247 (4th Cir. 2000)["Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC [or SCHAC]"]. A plain reading of Plaintiff's administrative charge of discrimination confirms that she only asserted a claim for age discrimination in that document, and did not assert a claim for race discrimination. See Plaintiff's Exhibit (Court Docket No. 18-1, p. 4). Specifically, when asked what Plaintiff's claim of discrimination was based on, she only checked the "age" block. Further, at the bottom of her narrative setting forth her claim, Plaintiff concludes by stating that she therefore believes "that I was discriminated against because of my age . . . in violation of the . . . Age Discrimination in Employment Act".[7]

---

[6](...continued)
to the complaint as Plaintiff necessarily relies on these documents to satisfy the time limit requirements of the statutory scheme."] (citing Holowecki v. Fed. Express Corp., 440 F. 3d 558, 565-566 (2d Cir. 2006); McDougall v. Maryland Transit Auth., No. 11-3400, 2012 WL 1554924 at n. 3 (D.Md. Apr. 27, 2012)["a plaintiff's administrative discrimination charge is integral to a subsequent discrimination complaint."]).

[7]Plaintiff does state in her response to the Defendants' motion that the reason she did not denote "race" in her original paperwork was that the form only allowed for one checked box, so she checked "age". See Plaintiff's Response, at p. 1. However, the form does not limit a claimant to checking only one box, and even refers to the checking of boxes in the plural ("Check appropriate Box[es]"). Additionally, as previously pointed out, Plaintiff also only asserts in her narrative that she was discriminated against because of her age. Hence, even if the defense of failure to exhaust was subject to waiver, estoppel, or equitable tolling, not only has the Defendant not waived this defense, but Plaintiff has presented no cogent argument for why the Defendant should be estoppel from asserting this defense. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992)[Equitable relief is reserved for only the most deserving complainants, usually where there exists affirmative misconduct], vacated on other grounds, 113 S.Ct. 1940 (1993); Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of
(continued...)



In determining the scope of Plaintiff's exhausted claims, the Court is bound by the scope of Plaintiff's claims as are set forth in her administrative charge, and only those discrimination claims set forth in the administrative charge and reasonably related thereto or were developed by a reasonable investigation of the claims set forth in the original charge may be maintained in a subsequent Title VII lawsuit. Bryant v. Bell Atlantic MD., Inc., 288 F.3d 124, 132 (4th Cir. 2002); Evans v. Techs. Applications & Serv., Co., 80 F.3d 954, 963 (4th Cir. 1996); Jones, 551 F.3d at 300. "Allowing a complaint to encompass allegations outside the ambit of the predicate [administrative] charge would circumscribe [the administrative agency's] investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely . . . charge"]; Dorsey v. Pinnacle Automation, Co., 278 F.3d 830, 838 (8th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff's administrative charge clearly only asserts a claim for age discrimination, and does not set forth any claim for race discrimination. Therefore, Plaintiff's race discrimination, to the extent asserted under Title VII, is subject to dismissal. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995)[Claims that exceed the scope of an administrative charge and any claim that would have naturally arisen from an investigation thereof are procedurally barred); Iqbal, 129 S.Ct. at 1949 [To survive a motion to dismiss, Plaintiff must

---

[7](...continued)
demonstrating that it applies in his case."]. In any event, such an argument would only apply to the *timeliness* of an administrative charge. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1983). See also Davis v. North Carolina Dep't. of Corrections, 48 F.3d 134, 140 (4th Cir. 1995). Defendants' argument here does not rest on the timeliness of the filing of the administrative charge or Plaintiff's federal court Complaint; rather, it rests on the fact that Plaintiff failed to assert in her administrative charge the claim that she is now asserting in federal court, and a "failure by the Plaintiff to exhaust administrative remedies concerning a Title VII [or ADA] claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009).



have set forth a claim for relief that is plausible "on its face"].

However, while the undersigned agrees with the Defendants that Plaintiff may not pursue a race discrimination claim under Title VII in this lawsuit, both of the individually named Defendants, as public employees, are subject to suit for damages in their individual capacities for a race discrimination claim under 42 U.S.C. § 1983. See Gregg-Wilson v. EFC Trade, Inc., No. 12-2923, 2013 WL 5231489 at * * 2 - 3 (D.S.C. Sept. 13, 2013). Plaintiff does not specifically identify either Title VII or § 1983 as being the basis for her race discrimination claim in her Complaint, and while she obviously is attempting to assert a race discrimination claim under Title VII (which she is not entitled to do due to her failure to administratively exhaust this claim), giving Plaintiff's Complaint the liberal construction to which she is entitled as a pro se litigant, the undersigned cannot find at this early stage of the proceedings that she should be denied the right to assert this claim under § 1983, nor have the Defendants moved to dismiss Plaintiff's race claim under that statute. See also Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

Therefore, Plaintiff should be allowed to proceed, at least at this point in time, with her race discrimination claim against the two individually named Defendants under § 1983, and to that extent Defendants' motion to dismiss should be denied. Cf. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain



that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted**, in part, and **denied**, in part.  First, the two individually named Defendants should be dismissed as party Defendants under Plaintiff's ADEA claim, with the Charleston County School District being substituted as the party Defendant for that claim.[8]  Second, Plaintiff's claim for race discrimination under Title VII should be dismissed.  However, Plaintiff's race discrimination claim should be allowed to proceed against the two named natural Defendants, in their individual capacities, pursuant to 42 U.S.C. § 1983.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 21, 2014
Charleston, South Carolina

---

[8]Defense counsel should advise the Court, in writing, within ten (10) days of the adoption of this recommendation by the Court, as to whether they are authorized to accept service for the Defendant Charleston County School District.  If counsel notifies the Court that they are not so authorized, then in light of Plaintiff's IFP status, a separate serve order will be entered for the Marshal to effect service on this Defendant.  If counsel are authorized to accept service on this Defendant, defense counsel should file a responsive pleading to the complaint as amended as required by Rule.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



11