IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kim Denise Frasier, ) | Civil Action No. 2:13-cv-02986-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Nancy J. McGinley, Superintendent, ) | |
| Charleston County Schools; Celeste ) | |
| Spires, Principal, Ladson Elementary, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 38), recommending this Court grant in part and deny in part Defendants' motion to dismiss. Defendants filed timely objections. (Dkt. No. 42.) As explained herein, the Court ADOPTS the R & R in part and grants Plaintiff leave to amend her Complaint.

I. **Background**

This case is a civil action filed by Plaintiff Kem Denise Frasier, *pro se*. Plaintiff was a teacher at Ladson Elementary School, where Defendant Celeste Spires is the Principal.[1] (Dkt. No. 18 at 4.) While employed at the School, Plaintiff received a SAFE-T Evaluation of her work performance from Defendant Spires. (*Id.*) Plaintiff, along with two younger teachers, failed this evaluation. (*Id.*) However, Defendant Spires only required Plaintiff to turn in lesson plans weekly, videotape her lessons and sit in on another teacher's lesson following this failure. (Dkt.

---

[1] For the purposes of this motion to dismiss, the Court assumes the facts alleged in the Complaint are true, construes the facts in Plaintiff's favor and draws all inferences in Plaintiff's favor. The Court also considers Plaintiff's allegations in her EEOC charge to supplement the Complaint for purposes of this motion.

No. 18-1 at 4.) The two younger teachers "were not subjected to such treatment." (*Id.* at 4.) Plaintiff alleges this discrimination was motivated by Plaintiff's age (57 years old) and race (African-American). (*Id.*) Additionally, on at least one occasion, Defendant Spires used allegedly "inappropriate" and "racist" language in a faculty meeting, describing herself as a "redneck". (Dkt. No. 18 at 4-6.)

Following Plaintiff's SAFE-T Evaluation, Defendant Spires recommended Plaintiff's teaching contract not be renewed. (Dkt. No. 18 at 6.) Upon receiving notice that her teaching contract would not be renewed, Plaintiff filed a grievance with the Charleston County School Board. (*Id.*) However, Plaintiff was then told by a "Mr. Suggs" that she would lose her appeal, and that it would look bad on her record because it would mean that she was fired. (*Id.*) As a result, Plaintiff "felt like [she] had no other choice but to resign on or about May 9, 2013." (*Id.*) Plaintiff was thereafter "denied hire"[2] on or about June 24, 2013, following which she was denied a hearing in front of Defendant Nancy J. McGinley, Superintendent of Charleston County Schools, and the School Board. (*Id.*) Plaintiff has since received a letter from Defendant "McGinley and/or Charleston County Schools" that states she is not eligible for employment at any Charleston County school. (*Id.* at 7.)

Plaintiff filed suit on November 1, 2013. (Dkt. No. 1.) Liberally construed, Plaintiff's Complaint alleges claims for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 630(b) and attempts to allege a claim for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Dkt. No. 18.) On March 20, 2014, Defendants filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil

---

[2] Although Plaintiff provides little context for what "denied hire" means, the Court assumes Plaintiff alleges she was not hired to work in any Charleston County School following her resignation from Ladson Elementary School.

2

Procedure. (Dkt. No. 26.) Plaintiff filed a response in opposition to the motion on March 28, 2014. (Dkt. No. 29.)

Magistrate Judge Marchant filed a R & R on July 21, 2014, recommending that Defendants' motion to dismiss be granted in part and denied in part. (Dkt. No. 38.) The Magistrate Judge first found that, because "employees of a Defendant employer are not liable in their individual capacities for claims asserted under either Title VII or the ADEA," Defendants were "entitled to dismissal as party Defendants under Title VII and the ADEA." (Dkt. No. 38 at 4-5.) However, the Magistrate Judge found that, "in light of Plaintiff's *pro se* status, rather than dismiss these claims *in toto*, Plaintiff should be given an opportunity to amend her Complaint to add the Charleston County School District as a party Defendant for purposes of these claims." (*Id.* at 5-6.) The Magistrate Judge then found that, because Plaintiff failed to "exhaust her administrative remedies with respect to [a race discrimination claim] prior to filing this lawsuit," Plaintiff's race discrimination claim under Title VII should be dismissed. (*Id.* at 6-8.) Lastly, the Magistrate Judge found that, liberally construed, Plaintiff's allegations set forth a plausible race discrimination claim under 42 U.S.C. § 1983 and this claim should be allowed to proceed "against the two individually named Defendants." (*Id.* at 9.) Defendants filed objections to the Magistrate Judge's last finding on August 18, 2014. (Dkt. No. 42.)

## II. Legal Standards

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the

allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Pro se* complaints are construed liberally to allow the development of meritorious claims and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view *pro se* complaints does not transform the court into an advocate.").

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis,* 718 F.2d 198, 199–200 (4th Cir. 1983).

### III. Discussion

### A. Individual Liability Under Title VII and/or ADEA

The Court agrees with the Magistrate Judge's finding that, because there is no individual liability under Title VII or the ADEA, Defendants are entitled to dismissal of these claims. *See McNeal v. Montgomery Cnty., Md.,* 307 F. App'x 766, 775, n. 6 (4th Cir. 2009) ("[O]nly an employer, and not an individual employee, may be held liable under the ADEA."); *Bailey v. Faurecia,* No. 6:09-cv-2013, 2010 WL 5600910, at *2 (D.S.C. Dec. 1, 2010) ("Employees and supervisors are not liable in their individual capacities for violations of Title VII."). Indeed,

5

Plaintiff did not set forth any rationale for being allowed to sue these two Defendants individually in her response to Defendants' motion to dismiss. Nor did she address this portion of the Magistrate Judge's findings in her response to Defendants' objections. While these claims may not proceed against Defendants individually, the Court agrees that Plaintiff should be given an opportunity to amend her Complaint to add the Charleston County School District as a party Defendant for purposes of these claims.

## B. Race Discrimination Claim Under Title VII

The Court also agrees with the Magistrate Judge that Plaintiff did not exhaust her administrative remedies with respect to any race discrimination claim prior to filing this lawsuit, and therefore, Plaintiff cannot bring a race discrimination claim under Title VII. In order to bring a lawsuit in United States District Court under Title VII, a plaintiff must first properly exhaust his or her administrative remedies by filing a charge with the EEOC. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Although Plaintiff filed an administrative charge with the EEOC within the requisite time period, Plaintiff failed to set forth any claim for race discrimination in her charge. (*See* Dkt. No. 18-1 at 4.) Therefore, Plaintiff's race discrimination claim under Title VII is subject to dismissal. *Bryant*, 288 F.3d at 132 ("'[T]he scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination.'") (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).

## C. Section 1983 Race Discrimination Claim

However, the Court does not agree that Plaintiff has stated a cognizable race discrimination claim against Defendants under 42 U.S.C. § 1983, but grants Plaintiff leave to amend the Complaint. To establish liability under § 1983, a plaintiff must prove (1) "the

6

defendant 'deprived plaintiff of a right secured by the Constitution and laws of the United States,' and (2) the deprivation was performed under color of state law." *Cherry v. City of Greensboro*, 2013 WL 422857, at *5 (M.D.N.C. Feb. 4, 2013) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). When a plaintiff's Title VII and Section 1983 claims are based on the same facts, further requirements must be met to "state a *prima facie* case of race discrimination under section 1983." *Id.* (citing *Abel v. Dubberly*, 210 F.3d 1334, 1338 (11th Cir. 2000). Specifically, "a plaintiff must establish the same elements as required by a disparate treatment claim under Title VII." *Cherry*, 2013 WL 422857, at *5.

To survive a 12(b) (6) motion to dismiss, "an employment discrimination complaint need not contain specific facts establishing a *prima facie* case." *Cherry*, 2013 WL 422857, at *2 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-511, 122 S.Ct. 992, 997 (2002)). Rather, "[s]o long as a complaint provides an adequate factual basis for a race discrimination claim, the plaintiff has satisfied the pleading requirements." *Thompson v. Ohio State Univ.*, 990 F. Supp. 2d 801, 815 (S.D. Ohio 2014).

Defendants argue that Plaintiff has failed to state a cognizable claim under § 1983 because: (1) Plaintiff failed to identify any "constitutional or statutory federal right on which the section 1983 claim can be based;" and (2) Plaintiff failed to establish a "sufficient factual basis to support a claim for race discrimination" under § 1983. (Dkt. No. 42 at 4-5.)

As an initial matter, the standard to survive a motion to dismiss is quite low. At this stage in the proceedings, Plaintiff "need not allege everything that [she] will need to show to withstand summary judgment" on the constitutional or statutory federal right on which her § 1983 claim is based. *Hunt v. Cent. Consol. Sch. Dist.*, 951 F. Supp. 2d 1136, 1222 (D.N.M. 2013). Rather, she only "need allege sufficient facts to make 'plausible' as opposed to 'possib[le]' what [she] will

have to prove at trial to win on [her] disparate-treatment discrimination claim." *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949). Moreover, if a plaintiff's pleading in a § 1983 action is deficient, "courts [generally] grant a plaintiff leave to amend the complaint to allege more specific facts rather than dismiss the cause of action." *LaFleur v. Wallace State Cmty. Coll.*, 955 F. Supp. 1406, 1421 (M.D. Ala. 1996).

Plaintiff alleges that, because of her age and race, Defendant Spires handled her SAFE-T evaluation differently from two younger teachers' evaluations, and recommended Plaintiff's teaching contract not be renewed. (Dkt. No. 18-1 at 4.) Plaintiff further alleges that Defendant McGinley ultimately prohibited Plaintiff from employment in Charleston County Schools. (Dkt. No. 18 at 7.) Because Plaintiff is African American, if the two younger teachers mentioned in Plaintiff's Complaint were Caucasian, then the facts would sufficiently allege plausible race discrimination claims under the Fourteenth Amendment Equal Protection Clause and Title VI of the Civil Rights Act of 1964.[3] Plaintiff would also sufficiently allege these claims if Plaintiff's teaching position was filled by a Caucasian person following Plaintiff's resignation or if there were other facts indicating racial animus. However, the only non-conclusory mention of race in Plaintiff's Complaint is Defendant Spires' "redneck" comment at a faculty meeting. (*Id.* at 4-6.) Even liberally construed, without more, Plaintiff's allegations do not support a plausible

---

[3] "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). To succeed on a Title VI claim, a "plaintiff must show either (1) that a primary objective of the federal funding defendant receives is to provide employment, or (2) that the employment discrimination complained of necessarily causes discrimination against the intended beneficiaries of the federal funding." *Rogers v. Bd. of Educ. of Prince George's Cnty.*, 859 F. Supp. 2d 742, 750 (D. Md. 2012).

8

disparate-treatment discrimination claim. However, the Court declines to grant Defendants' motion to dismiss, and, instead, grants Plaintiff leave to amend her Complaint.

Defendants cite *Karpel v. Inova Health System Services* as authority for their objection to Plaintiff's failure to state the legal grounds on which her § 1983 claim rests. 134 F.3d 1222 (4th Cir. 1998). Defendants specifically point to language in *Karpel* that requires a plaintiff to "at least set forth enough details to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Id.* at 1227. Defendants' reliance on *Karpel* indicates they require more information to properly respond to Plaintiff's Complaint. Therefore, rather than filing a motion to dismiss, a better response to Plaintiff's Complaint would have been a motion for a more definite statement under 12(e) of the Federal Rules of Civil Procedure. *Swierkiewicz,* 534 U.S. at 514, 122 S.Ct. at 998 ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

The Court recognizes its "inherent authority to convert [Defendants'] Rule 12(b)(6) motion into one under Rule 12(e)." *Gibson v. America's Servicing Co.*, 2010 WL 4974552, at *3 (E.D.N.C. Nov. 30, 2010). Indeed, Plaintiff's explanation of her pleadings in response to Defendants' motion to dismiss "suggests that further clarification will be beneficial." *Id.* For example, in her response to Defendants' objections, Plaintiff mentions "the partiality [Defendant Spires] showed to Caucasian teachers." (Dkt. No. 51 at 2.) A more detailed explanation of how Defendant Spires' partiality personally affected Plaintiff could further support Plaintiff's race discrimination claim. Because the Court finds Rule 12(e) is the proper motion at this time, Plaintiff may amend her Complaint to state the legal grounds on which her § 1983 claim is based and to elaborate on the facts supporting her race discrimination claim. Plaintiff should clarify

9

Defendant McGinley's discriminatory actions and state the facts which lead Plaintiff to believe Defendants' actions were motivated by racial animus. These facts may include the race of the younger teachers involved in the SAFE-T evaluation or the race of Plaintiff's replacement at Ladson Elementary School.

### D. Qualified Immunity

Defendants first raised the defense of qualified immunity in their objections to the Magistrate Judge's findings. (Dkt. No. 42 at 6-8.) Qualified immunity is "a doctrine which shields government actors from liability if they establish either that (1) the plaintiff's allegations fail to make out a violation of a constitutional right, or (2) the right at issue was not clearly established at the time of the alleged misconduct." *Henry v. Purnell*, 619 F.3d 323, 2010 WL 3720411, at *7 (4th Cir. Sept. 24, 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)). In short, the doctrine "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson*, 129 S. Ct. at 815 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To resolve a qualified immunity defense, a court must "decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right." *Pearson*, 129 S. Ct. at 815–16. The court must then determine "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 816. Courts may address the two prongs of the qualified immunity analysis in whichever order is appropriate in light of the circumstances of the particular case at hand. *Id.* at 818, 821.

Assuming Plaintiff can sufficiently allege a race discrimination claim under § 1983 in her amended Complaint, such a violation has established constitutional precedent. Indeed, "[i]f any

10

'right' under federal law is 'clearly established,' it is the constitutional right to be free from racial discrimination." *Thompson*, 990 F. Supp. 2d at 816 (quoting *Williams v. Richland Cnty. Children Servs.*, 489 F. App'x. 848, 854 (6th Cir. 2012); *see Bennett v. N.C. Dept. of Transp.*, 2007 WL 4208390, at *6 (M.D.N.C. Nov. 26, 2007). ("[I]t is well-settled that citizens have the right to be free from discrimination on the basis of race by state actors."). Consequently, a reasonable principal or superintendent would have known that committing an adverse employment action against a teacher based on racial animus was a violation of the teacher's rights to equal protection under the law. Accordingly, Defendants are not entitled to qualified immunity.

### III. Conclusion

The Court declines to adopt the portion of Section II of the R & R that recognizes Plaintiff's race discrimination claim under § 1983. The Court **ADOPTS** Section I and all other portions of Section II of the R & R. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. No. 26) as to Plaintiff's claims under Title VII and the ADEA against Defendants individually, and allows Plaintiff to amend her Complaint to add the Charleston County School District as a party Defendant for purposes of the ADEA claim. Plaintiff may also amend her Complaint to state a cognizable race discrimination claim under 42 U.S.C. § 1983 against the individual Defendants. Plaintiff has fourteen (14) days from the issuance of this order to file her amended Complaint. If she fails to do so, the Court will dismiss this action.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

October 14, 2014
Charleston, South Carolina

11